15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Brent Henry SUN, Plaintiff-Appellant,
v.
Robert GOLDSMITH; Frank Terry, Defendants-Appellees.
 No. 9315567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1993.*
Decided Jan. 27, 1994.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Brent Henry Sun filed a 42 U.S.C. Sec. 1983 action against Robert Goldsmith, Frank Terry, Linda Barrows, and Sam Lewis ("the prison officials") for violating his Eighth Amendment rights by denying him outdoor exercise from May until September, 1990. Sun claimed that the prison officials confiscated and failed to return his prison identification card, which had to be presented in order to gain access to the athletic field where outdoor exercise took place, thereby denying him the right to outdoor exercise. On March 16, 1993, the district court denied a motion for summary judgment filed by Sun, and granted a cross motion for summary judgment filed by the prison officials. Sun appeals pro se from the district court's order granting summary judgment to the prison officials. We reverse the district court's grant of summary judgment, and remand for further proceedings.
 
 
 3
 We review the district court's order granting summary judgment de novo. Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993). In our review, we view the evidence in the light most favorable to the non-moving party. Id.
 
 
 4
 To prevail on a motion for summary judgment, a movant must establish that there is no "genuine issue of material fact" to be determined. Fed.R.Civ.P. 56(c). "The moving party must produce evidence showing the absence of a genuine issue of material fact." Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1413 (9th Cir.1988). Moreover, at the summary judgment stage, the district court's function is not to weigh the evidence and determine the truth of the matter, but merely to determine whether there is a genuine issue for trial. Id. Where the non-moving party bears the burden of proving an essential element of its asserted cause of action at trial, that party can withstand a motion for summary judgment only by showing that there is a genuine issue of fact regarding that element which "can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir.1987) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)), cert. denied, 484 U.S. 1006 (1988). This showing must be supported by affidavits or other proper evidence, which "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 
 5
 The district court erred in finding that Sun failed to demonstrate that there was a genuine issue of fact. Viewed in the light most favorable to Sun, the evidence presented by Sun raised a genuine issue of fact as to whether the prison officials had knowledge that Sun was being denied access to the athletic field for outdoor exercise. The court based its finding that Sun had not demonstrated the prison officials' knowledge or awareness that Sun was being denied the right to outdoor exercise on the fact that Sun was unable to produce copies of any written complaints regarding his lack of an identification card.
 
 
 6
 However, Sun submitted an affidavit stating that he had made both written and verbal complaints regarding the fact that he did not have an identification card. In addition, he submitted the affidavit of fellow prisoner Willie Ray Finley, who stated that because he was assisting Sun with his institutional problems, he (Finley) at one time had copies of the complaints which Sun submitted regarding the denial of his exercise privilege and the lack of an identification card amongst his personal legal materials. However, Finley swears in his affidavit that these legal papers were confiscated by certain prison officials, and the papers supporting Sun's claim were never returned to Finley. The affidavits of Sun and Finley raise a genuine issue of fact as to whether the prison officials had knowledge of the denial of Sun's exercise privilege, and lack of an identification card. "[W]here the facts specifically averred by [the non-movant] contradict facts specifically averred by the movant, the motion must be denied." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990).
 
 
 7
 The district court also erred in finding that "it would appear more likely than not that Mr. Sun had the required identification card." The court based this finding on the fact that Sun was admitted to the Central Unit Law Library and also purchased items from the prison store. The prison officials had submitted evidence that an identification card was required for both these activities. In addition, an affidavit from Special Services Officer Manuel Rivera stated that he had personally seen Sun use his identification card when Sun purchased items from the store.
 
 
 8
 Sun contradicts this evidence with his own affidavit alleging he had no identification card because it was confiscated, and that he was able to purchase items at the store with a temporary pass rather than an identification card. This was further supported by affidavits of other prisoners stating they had used temporary passes to purchase items from the store. He also presented evidence indicating that it was possible to use the law library without an identification pass if the official on duty recognized the prisoner, or if the prisoner had to meet a court filing date.
 
 
 9
 In finding that it was more likely than not that Sun possessed the identification card, the judge must either have made a credibility assessment, or weighed the evidence presented by the parties. However, the judge is not allowed to weigh evidence on a summary judgment motion. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Nor can the judge make credibility determinations. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.
 
 
 10
 Sun's affidavit, along with the other evidence presented, if believed by a trier of fact, would result in a verdict for Sun. Therefore, Sun met the requirements a non-movant must satisfy to survive a motion for summary judgment. The district court erred in granting the prison officials' cross motion for summary judgment.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3